UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KENNETH BURNS,

    Plaintiff,

v.

CAUSE NO. 3:24-CV-1005 DRL-SJF

GARY INDIANA POLICE
DEPARTMENT *et al.*,

    Defendants.

OPINION AND ORDER

Kenneth Burns, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfullly pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Burns alleges that, on June 9, 2022, he was stopped by Gary police officers while driving his Dodge Durango. The officers explained that the vehicle he was driving was involved in a homicide. He was permitted to leave, but his vehicle and everything in it were seized. He alleges that the officers didn't have a warrant permitting them to seize his vehicle. Several days later, Mr. Burns was arrested and charged with murder under

cause number 4501-2206-MR-000022. The vehicle was used as evidence against him. He challenges the validity of the seizure of the vehicle and its contents.

Mr. Burns cannot use 42 U.S.C. § 1983 to challenge his state court conviction. The sole means of challenging a state conviction in federal court is through the habeas corpus statute. *Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973).

Additionally, to the extent he's alleging a Fourth Amendment violation, he cannot proceed against the State of Indiana, Lake County, the District Attorney's Office,[1] or Gary Indiana Police Department. The State of Indiana and the District Attorney's Office are immune from suit. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Lake County and the Gary Police Department can only be held liable if the plaintiff's constitutional rights were violated due to their policies, practices, or customs, and the complaint doesn't allege that any policy, practice, or custom of Lake County or the Gary Policy Department caused the alleged violation. *See Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658 (1978).

Furthermore, Mr. Burns brought this lawsuit too late. In Indiana, a two-year statute of limitations applies to Mr. Burns' claims. *See, e.g., Snodderly v. R.U.F.F. Drug Enf't Task Force*, 239 F.3d 892, 894 (7th Cir. 2001) ("Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983."). A claim of unlawful search or seizure accrues at the time of that search or seizure—in this case, June 9, 2022. *See Neita v. City of Chicago*, 830 F.3d 494, 498 (7th Cir. 2016). Mr. Burns did

---

[1] Mr. Burns lists "State of Indiana County of Lake District Attorney Office" as a single defendant. ECF 1 at 1.

not initiate this lawsuit until December 2, 2024. Thus, he filed his complaint nearly six months too late, and even now he hasn't named any defendant against whom he might proceed.

Although the statute of limitations is an affirmative defense, dismissal is appropriate when the complaint makes it clear that the claims are time barred. *See e.g., Cancer Foundation, Inc. v. Cerberus Capital Mgmt.*, LP, 559 F.3d 671, 674 (7th Cir. 2009); *see also Koch v. Gregory*, 536 Fed. Appx. 659, 660 (7th Cir. 2013) (The plaintiff's "only other argument on appeal is that the district judge erred by considering the statute of limitations prematurely at the screening stage. But the language of [the plaintiff's] complaint plainly showed that the statute of limitations barred his suit; dismissal under § 1915A was therefore appropriate.").

This complaint doesn't state a claim for which relief can be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). Therefore, in the interests of justice, the court will grant him an opportunity to file an amended complaint that both states a claim and explains why that claim should not be dismissed as barred by the statute of limitations. To file an amended complaint, Mr. Burns needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Kenneth Burns until **November 6, 2025**, to file an amended complaint; and

(2) CAUTIONS Kenneth Burns that, if he doesn't respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint doesn't state a claim for which relief can be granted.

SO ORDERED.

October 14, 2025 *s/ Damon R. Leichty*
Judge, United States District Court