UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KENNETH BURNS, <br><br> Plaintiff, <br><br> v. <br><br> GARY INDIANA POLICE DEPARTMENT *et al.*, <br><br> Defendants. | CAUSE NO. 3:24-CV-1005 DRL-SJF |

OPINION AND ORDER

Kenneth Burns, a prisoner without a lawyer, filed an amended complaint. ECF 10. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfullly pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Burns was instructed to use the court's **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available in his prison's law library, if he decided to file an amended complaint. ECF 9 at 3. He did not, and the amended complaint he submitted omits many of the facts that gave rise to this lawsuit. The court could dismiss the amended complaint on procedural grounds alone. This district's local rules require that

an amended pleading "reproduce the entire pleading as amended," rather than simply incorporating a prior pleading by reference. N.D. Ind. L.R. 15-1. Moreover, under N.D. Ind. L.R. 7-6, this court requires the use of the Pro Se 14 (INND Rev. 2/20). "Even pro se litigants are obliged to follow procedural rules." *McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 787 n.2 (7th Cir. 2019). However, in the interests of justice, the court will review Mr. Burns' earlier complaint in conjunction with his amended one to determine whether he has stated any plausible claims.

In his earlier complaint, Mr. Burns alleged that, on June 9, 2022, he was stopped by Gary police officers while driving a Dodge Durango. The officers explained that the vehicle he was driving was involved in a homicide. He was permitted to leave, but his vehicle and everything in it were seized. He alleges that the officers didn't have a warrant permitting them to seize his vehicle. Several days later, Mr. Burns was arrested and charged with murder under cause number 45G01-2206-MR-000022. The vehicle was used as evidence against him. He challenges the validity of the seizure of the vehicle and its contents.

The court explained that Mr. Burns couldn't proceed against the State of Indiana or the District Attorney's Office[1] because they are immune from suit. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The court also explained that Mr. Burns couldn't proceed against Lake County or the

---

[1] Mr. Burns listed "State of Indiana County of Lake District Attorney Office" as a single defendant. ECF 1 at 1. In an effort to be thorough, this court addressed the possibility of claims against the State of Indiana, the District Attorney's Office, and Lake County. ECF 9 at 2.

Gary Police Department because he didn't allege that they were acting pursuant to an official policy, custom, or practice that caused the alleged violation. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

The court also explained a more fundamental problem than who he named as defendants; he brought his claims that the seizure of his vehicle violated the Fourth Amendment too late. In Indiana, a two-year statute of limitations applies to Mr. Burns' claims. *See e.g., Snodderly v. R.U.F.F. Drug Enf't Task Force*, 239 F.3d 892, 894 (7th Cir. 2001) ("Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983."). A claim of unlawful search or seizure accrues at the time of that search or seizure—in this case, June 9, 2022. *See Neita v. City of Chicago*, 830 F.3d 494, 498 (7th Cir. 2016). Mr. Burns did not initiate this lawsuit until December 2, 2024. Mr. Burns was given an opportunity to amend his complaint to address the issues raised in the court's screening order.

Mr. Burns' amended complaint reasserts claims against Gary Indiana Police Department and "State of Indiana, County of Lake District Attorney Office." It also named a new defendant: Detective Daryl Gordon.

As already explained, Mr. Burns can only proceed against Lake County or the Gary Indiana Police Department if the plaintiff's constitutional rights were violated due to their policies, practices, or customs. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Neither the county nor the police department can be held vicariously liable for the unconstitutional acts of their employees under a theory of *respondeat superior*. *See e.g., Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir.

2021); *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020); *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008). Mr. Burns' amended complaint does not allege that any policy, practice, or custom of either Lake County or the Gary Policy Department caused his rights to be violated. Therefore, he may not proceed against either Lake County or the Gary Police Department.

The court also explained that Mr. Burns could not proceed against the State of Indiana or District Attorney's Office on his claim that the seizure of the Dodge Durango violated his Fourth Amendment rights because they are immune from suit. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003); *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). Furthermore, just like Lake County and the Gary Indiana Police Department, neither the District Attorney's Office nor the State of Indiana can be held liable for the actions of a prosecutors on a theory of *respondeat superior*. *See e.g., Howell*, 987 F.3d at 653; *J.K.J.*, 960 F.3d at 377; *Grieveson*, 538 F.3d at 771.

In his amended complaint, Mr. Burns alleges that he was the victim of malicious prosecution and prosecutorial misconduct. Even if he had stated a plausible claim on those grounds, which he has not, there is a more fundamental issue. Mr. Burns pleaded guilty to reckless homicide. *Burns v. State of Indiana*, 4501-2206-MR-000022 (July 18, 2024, order finding Mr. Burns guilty pursuant to a plea agreement, as shown on

4

https://public.courts.in.gov/mycase/#/vw/Search). He cannot pursue claims of malicious prosecution or prosecutorial misconduct now because such claims necessarily imply the invalidity of his conviction. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Mr. Burns can't bring these claims unless and until his conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487; *see also McDonough v. Smith,* 588 U.S. 109, 125, 139 S. Ct. 2149, 2161, 204 L. Ed. 2d 506 (2019) ("The statute of limitations for [the plaintiff's] § 1983 claim alleging that he was prosecuted using fabricated evidence began to run when the criminal proceedings against him terminated in his favor—that is, when he was acquitted at the end of his second trial."). The state court docket shows Mr. Burns' conviction remains intact. Therefore, these claims have not yet accrued and will not accrue until Mr. Burns' conviction is vacated. Thus, Mr. Burns' malicious prosecution and prosecutorial misconduct claims, to the extent he may have any, will be dismissed without prejudice. *Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011) (claims barred by *Heck* must be dismissed without prejudice).

Mr. Burns' amended complaint also names the officer allegedly responsible for the seizure of his truck, Detective Daryl Gordon, as a defendant. But any claim Mr. Burns may have had against Detective Gordon is untimely. In response to the court's order explaining that he only had two years to file claims stemming from the alleged wrongful seizure of his vehicle, Mr. Burns argues that this case was filed timely because the vehicle wasn't released until February 2023. He contends that the claim didn't accrue until the

5

vehicle was released from police custody. Mr. Burns is mistaken. The date on which the claim accrues, and the limitations period starts running, is the date when a plaintiff knows the fact and the cause of an injury. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). Mr. Burns knew the fact and cause of his alleged injury when his vehicle was seized in June 2022, and his claim accrued at that time. *See Wallace v. Kato*, 549 U.S. 384 (2007); *Savory v. Cannon*, 947 F.3d 409, 427 (7th Cir. 2020) (*en banc*). Mr. Burns did not name Detective Daryl Gordon as a defendant until November 3, 2025. ECF 10. Even using the date that the case was initiated, the court finds that Mr. Burns' claims against Officer Gordon (and for that matter, any possible claims he may have had against the State of Indiana, District Attorney's Office, Lake County, or the Gary Police Department regarding the seized vehicle) were initiated too late.[2]

Although the statute of limitations is an affirmative defense, dismissal is appropriate when the complaint makes it clear that the claims are time barred. *See e.g., Cancer Foundation, Inc. v. Cerberus Capital Mgmt.*, LP, 559 F.3d 671, 674 (7th Cir. 2009); *see also Koch v. Gregory*, 536 Fed. Appx. 659, 660 (7th Cir. 2013) (The plaintiff's "only other argument on appeal is that the district judge erred by considering the statute of

---

[2] The court acknowledges that some of the time between filing Mr. Burns' initial complaint and filing his amended complaint would not count against him if the statute of limitations had not already expired before the first complaint was filed. *See Paulk v. Dep't of the Air Force*, 830 F.2d 79, 83 (7th Cir.1987) (explaining that screening tolls statute of limitations); *Stewart v. Special Adm'r of Est. of Mesrobian*, 559 F. App'x 543, 547 (7th Cir. 2014) ("The amended complaint had to pass screening before any defendant could be served with process … and the delay attributable to screening was outside of Stewart's control and constituted good cause to extend the time for notice[.]"). Here, the result would be the same whether Mr. Burns had named Officer Gordon in his original complaint or his amended complaint. Thus, the court won't address the possible tolling after the case was initiated any further.

limitations prematurely at the screening stage. But the language of [the plaintiff's] complaint plainly showed that the statute of limitations barred his suit; dismissal under § 1915A was therefore appropriate."). With regard to Mr. Burns' claims that the seizure of his vehicle violated the Fourth Amendment, that is the case here.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Mr. Burns has already had an opportunity to amend his complaint to address whether his Fourth Amendment claims were timely. His explanation for why his claims should not be dismissed as barred by the statute of limitations is unpersuasive, and it would be futile to allow him to amend those claims again.

For these reasons, Mr. Burns' allegations that his vehicle was wrongfully seized in violation of the Fourth Amendment are DISMISSED under 28 U.S.C. § 1915A because Mr. Burns has not stated a claim and because it was frivolous to bring these claims more than two years after the alleged wrongful seizure. Mr. Burns' allegations relating to wrongful prosecution or prosecutorial misconduct are DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915A because they are barred by *Heck* and because it was frivolous to bring a wrongful prosecution or prosecutorial misconduct claim when his conviction had not been overturned.

SO ORDERED.

February 4, 2026                                    *s/ Damon R. Leichty*
                                                    Judge, United States District Court